IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ELAINE RANDAZZO and ANGELO  
RANDAZZO, Her Husband,  : CIVIL ACTION NO. **3:CV-10-0154**
: 
: Magistrate Judge Blewitt
        Plaintiffs :
:
        v. :
:
ALDRIC GRANDY :
and D'ELIA EXPRESS, :
:
        Defendants :

**MEMORANDUM AND ORDER**

**I. Background.**

      Plaintiffs, Elaine Randazzo and Angelo Randazzo, husband and wife, filed a Complaint on January 21, 2010. Plaintiffs basically allege that Defendant Aldric Grandy, while a truck driver for Defendant D'Elia Express, Inc. ("D'Elia"), acting within the scope of his employment for D'Elia, recklessly and negligently collided D'Elia's tractor trailer into Plaintiff Elaine Randazzo's vehicle on January 29, 2008, on East Grove Street, Pringle, Luzerne County, Pennsylvania, and caused Elaine serious injuries. Specifically, Plaintiffs summarize their allegations as follows:

> On January 29, 2008, the Plaintiff, ELAINE RANDAZZO, was lawfully stopped behind the Defendant, Aldric Grandy on East Grove Street. Mr. Grandy was operating a tractor and trailer on behalf of the Defendant, D'ELIA EXPRESS, and was stopped at a Stop sign at the corner of East Grove Street and Pringle Street. For reasons unknown to the Plaintiff, Mr. Grandy put his vehicle in reverse and collided with the Plaintiffs' vehicle numerous times, ultimately driving it approximately thirty (30) feet in the opposite direction on East Grove Street. After the Plaintiff

1

came to a final rest, the Defendant, ALDRIC GRANDY, then fled the scene.

(Doc. 10, p. 2).

Plaintiffs' Complaint asserts four causes of actions against Defendants. In Count I, Plaintiffs assert a claim of negligence against both Defendants. In Count II, Plaintiffs allege that Defendant D'Elia was negligent with respect to its hiring and training of Defendant Grandy. In Count III, Plaintiffs assert a claim of punitive damages against Defendants. In their final claim, Count IV, Plaintiff Angelo Randazzo asserts a claim of loss of consortium against Defendants. (Doc. 1).

In response to the Complaint, on March 9, 2010, Defendants jointly filed a Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), its allegations of recklessness and its request for punitive damages. (Doc. 4). Defendants' Motion has been briefed and is ripe for disposition. (Docs. 5 and 10).[1] Defendants attached an Exhibit to their Motion, namely a copy of Plaintiffs' Complaint, and Plaintiffs attached an exhibit to their Brief, namely copy of the Pennsylvania State Police ("PSP") accident report.

Jurisdiction of this Court is based on diversity pursuant to 28 U.S.C. § 1332(a), as Plaintiffs reside in Pennsylvania, Defendant D'Elia is a New York corporation, and Defendant Grandy is a New York resident. (Doc. 1, pp. 1-2).

---

[1]The parties consented to the jurisdiction of the undersigned for all matters including trial pursuant to 28 U.S.C. § 636(c)(1). (Doc. 17).

## II. Complaint.

We shall only address the portions of the Complaint relevant to the instant Motion, namely, ¶19. of Count I and ¶ 21. of Count II, as well as Count III. In ¶ 19., Plaintiffs allege that the "careless, reckless and negligent conduct" of Defendant Grandy, individually and as an employee of Defendant D'Elia, caused the injuries to Plaintiff Elaine Randazzo. In ¶ 21., Plaintiffs allege that the "carelessness, recklessness and negligence" of D'Elia in hiring and training Defendant Grandy caused the accident and the injuries of Plaintiff Elaine Randazzo.

As stated, in Count III, Plaintiffs assert a punitive damages claim against Defendants. (Doc. 1, p. 8). Specifically, it is alleged:

> 23. That the conduct of the Defendant, ALDRIC GRANDY, individually and as a servant, agent, and/or employee of D'ELIA EXPRESS INC., and D'ELIA EXPRESS, INC. as set forth in Counts I and II, demonstrate a reckless indifference and conscious disregard for the safety of the Plaintiff, ELAINE RANDAZZO.

(Doc. 1, p. 8, ¶ 23.).

As mentioned, Defendants filed a partial Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) with respect to only ¶ 19. of Count I, ¶ 21. of Count II, and with respect to Count III of the Complaint. (**Doc. 4**).

## III. Motion to Dismiss Standard.

The Court in *Williams v. Hull,* 2009 WL 1586832, *2-*3 (W.D. Pa. 2009), set forth the Motion to Dismiss standard of review, as annunciated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. –, 127 S. Ct. 1955 (2007), and as refined in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), as follows:

3

The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. *Neitzke; Scheuer v. Rhodes*, 419 U.S. 232 (1974). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, ----, --- L.Ed.2d ----, ----, 2009 WL 1361536 (May 18, 2009) (specifically applying *Twombly* analysis beyond the context of the Sherman Act). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. *Angelastro v. Prudential-Bache Securities, Inc.*, 764 F.2d 939, 944 (3d Cir.1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See *California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir.2004) citing *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir.1997). Nor must the court accept legal conclusions set forth as factual allegations. *Twombly*, 550 U.S. at 556, citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." *Smith v. Sullivan*, 2008 WL 482469, at *1 (D.Del. February 22, 2008) quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir.2008). "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Phillips*, 515 F.3d at 232, quoting *Twombly*, 550 U.S. at 556 n. 3.

**IV. Discussion.**

This is a diversity action over which this court has jurisdiction under 28 U.S.C. § 1332(a).[2] As noted, the parties have consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636 (c)(1). (Doc. 17).

Defendants seek the Court to dismiss Plaintiffs' allegations of recklessness as well as their claim for punitive damages asserted in Count III of the Complaint. Defendants state that "Plaintiffs' Complaint is devoid of any actual allegations against the Defendants which illustrate an evil motive or reckless indifference to the rights of the Plaintiffs." (Doc. 4, p. 2, ¶ 4.). Defendants argue that Plaintiffs' allegations only amount negligence, namely, that Defendant Grandy reversed the tractor trailer he was driving, which was owned by Defendant D'Elia, when he should have known that Plaintiff Elaine Randazzo's vehicle was behind him, and that Defendant D'Elia was negligent for allowing Grandy to operate its tractor trailer when it should have known that he was not qualified to safely operate it and that D'Elia was negligent with respect to its training and supervision of Grandy.

As relief in their present Motion, Defendants request the Court to dismiss Plaintiffs' allegations of recklessness made in ¶'s 19. and 21. of their Complaint, and to dismiss Count III of their Complaint.

---

[2]Pennsylvania substantive law is utilized in this diversity case as this Court sits in Pennsylvania. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *Burke v. TransAm Trucking, Inc.*, 605 F. Supp. 2d 647, 651, n. 2 (M.D. Pa.). Thus, we shall apply Pennsylvania law with respect to the analysis of Plaintiffs' punitive damages claim since the events in question all occurred in Pennsylvania.

Plaintiffs contend that they have properly alleged a claim for punitive damages in their Complaint under Pennsylvania law. Plaintiffs state that their allegations regarding Defendants' conduct show "a complete reckless indifference to others." (Doc. 10, p. 2). Specifically, Plaintiffs state that their averments are sufficient to support their punitive damages claim since they allege Defendant Grandy reversed the tractor trailer he was operating down a one-way street and struck Plaintiff Elaine Randazzo numerous times which pushed her vehicle 30 feet, and that Grandy then fled the scene. (*Id*., p. 3). Also, Plaintiffs submit a copy of the PSP crash report which indicates that Defendant Grandy fled the scene after the accident. (Doc. 10, Ex. A, p. 2).[3]

Defendants argue that they are entitled to have their Motion to Dismiss granted with respect to ¶'s 19. and 21., and Count III of the Complaint, punitive damages claim. The Court agrees with Plaintiffs that in taking their allegations as true, they have properly averred that Defendants' alleged conduct was sufficiently outrageous to warrant an award of punitive damages in this case.

---

[3] In applying the Motion to Dismiss standard under Rule 12(b)(6), the Court can look to records upon which the pleading is based. As noted by the Court in *White v. Probation Office*, 2008 WL 3837045, *1, n. 3 (M.D. Pa.):

> "[t]he court may consider documents of record and exhibits submitted by the parties when evaluating a motion to dismiss. *See Tilbury v. Aames Home Loan,* 199 F. App'x 122, 125 (3d Cir.2006) (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384-85 n. 2 (3d Cir.1994)) (observing that a court may consider exhibits submitted by the parties when ruling on a motion to dismiss)."

As the Court stated in *McCain v. Beverly Health and Rehab. Services, Inc.*, 2002 WL 1565526 * 2 (E.D. Pa.), "[i]n Pennsylvania, punitive damages require 'wilful or wanton conduct or reckless indifference to the rights of others.' 40 P.S. § 1301.812-A(a)." Further, the Court in *Wilson v. Chestnut Hill Healthcare*, 2002 WL 199706 * 6 (E.D. Pa.), stated as follows:

> Under Pennsylvania law, "[p]unitive damages are appropriate when an individual's actions are of such an outrageous nature as to demonstrate intentional, willful, wanton, or reckless conduct." *Interact Accessories, Inc. v. Video Trade Int'l, Ltd.*, No. CIV.A.98-2430, 1999 WL 159883, at *3 (E.D. Pa. Mar. 22, 1999) (quoting *Bannar v. Miller*, 701 A.2d 232, 242 (1997)). Punitive damages are only available in matters where "the actor knows, or has reason to know . . . of the facts which create a high degree of risk or physical harm to another, and deliberately proceeds to act, or to fail to act, in conscious disregard of, or indifference to that risk," and not in matters involving simple negligence. *Interact*, 1999 WL 159883, at *3.
>
> An "essential fact" needed to support a claim for punitive damages is that the defendant's conduct must have been outrageous. *Brownawell v. Bryan,* 40 Pa.D. & C.3d 604 (1985). Outrageous conduct is an "act done with a bad motive or with reckless indifference to the interests of others." *Focht v. Rabada*, 217 Pa.Super. 35, 38 (1970) (citing comment (b) to § 908 of the Restatement of Torts). "Reckless indifference to the interests of others" of an unreasonable character in disregard of a risk known to him or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow." *Evans v. Philadelphia Transp. Co.*, 418 Pa. 567, 574 (1965). Simply pleading outrageous conduct does not satisfy the requirement of stating facts which, if proven, would form a basis for a jury concluding that the conduct was such that an award for punitive damages was warranted. *Brownawell*, 40 Pa.D. & C.3d at 604.

Recently, in *Burke v. TransAm Trucking, Inc.*, 605 F. Supp. 2d at 651-652, the Court stated:

> In 2005, the Pennsylvania Supreme Court observed:
>
> The standard governing the award of punitive damages in Pennsylvania is settled. Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others. As the name suggests, punitive damages are penal in nature and are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct.
>
> *Hutchison v. Luddy,* 582 Pa. 114, 870 A.2d 766, 770 (2005) (quotations and citations omitted) A plaintiff seeking to demonstrate that a defendant's conduct was outrageous must establish the defendant possessed the requisite state of mind. *Hutchison,* 870 A.2d at 770-71. The defendant's action or inaction must be intentional, reckless or malicious. *Id.* at 771. The court explained:
>
> Thus, in Pennsylvania, a punitive damages claim must be supported by evidence sufficient to establish that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk.
>
> *Hutchison,* 870 A.2d at 772.

The Court finds, based on Plaintiffs' averments as well as the PSP crash report, that the conduct of Defendants alleged in this case could be found by a fact finder to be wanton and recklessly indifferent to the safety and well-being of Plaintiff Elaine Randazzo. Specifically, the PSP crash reports, states in part as follows:

8

> Crash Synopsis
> This crash occurred as Unit #1 backed into Unit #2, then pushed Unit #2 backwards approx. 30 ft. causing damage.
>
> Narrative
> This crash occurred as Unit #1 was attempting to back up on Grove St. At this time, Unit #1 backed up into Unit #2 causing damage. Unit #1 continued to back up pushing Unit #2 backwards approx. 30 ft. Unit #1 then left the scene heading west on Grove St.
>
> On 1/29/08 at approx. 1310 hrs. I interviewed Oper. #2 at the scene. Oper #2 related that she was behind Unit #1. He Unit #1 started backing up. Oper. #2 related that Unit #1 then pushed her back approx. 30 ft.
>
> On 1/29/08 at approx. 1330 hrs. I interviewed Oper. #[1] Oper. #1 related that he backed up on Grove St. Oper. #1 related he then continued on Grove St. Oper. #1 related that he did not realize he had hit another vehicle.

(Doc. 10. Ex. A, p. 5).[4]

Moreover, the PSP crash report indicates that one of the witnesses to the accident (Witness #1) stated the both she and Elaine Randazzo beeped their horns when Defendant Grandy started to back up and struck Elaine's vehicle.

The Court finds that the alleged conduct by Defendant Grandy is sufficient at this stage of the case to support Plaintiffs' claim that both Grandy and Defendant D'Elia exhibited reckless, willful and wanton behavior. As this Court in *Came v. Micou*, 2005 WL 1500978, * 5 (M.D. Pa.), concluded, there were genuine issues of material fact as to whether Defendants' conduct was so outrageous to warrant punitive damages. Specifically, the *Came* Court stated as

---

[4] Unit #1 was the D'Elia tractor trailer operated by Defendant Grandy, and Unit #2 was the vehicle operated by Plaintiff Elaine Randazzo.

follows:

> With respect to Micou, a reasonable jury could conclude that: logging more than seventy hours during an eight-day period; operating the Decker rig when he was too tired to do so safely as evidenced by Micou's initial statement on a company accident form that he "momentary [sic] blanked out," his inability to make a decision relative to taking steps to avoid colliding with a slower moving vehicle traveling ahead of his vehicle, his inability to perceive the passage of time from the point when he realized the vehicle ahead was moving slowly to when he collided with the rear of it, and his failure to disengage the cruise control on a vehicle with which he was familiar; combined with falsifying his logs, all in violation of Department of Transportation safety regulations constitutes "reckless indifference to the rights of others." *See* 49 C.F.R. 395.3(b)(2), 392.3, and 395.8. A reasonable jury similarly could find that: failure to monitor Micou's conduct; failure to make an adequate and proper investigation and inquiry into Micou's driving and employment record; awareness of Micou's prior accident of September 17, 2002 yet failure to conduct any investigation into Micou's hours of service; Micou's involvement in five preventable accidents/incidents while employed at Decker; Micou's participation in three accidents and two suspensions of his driving privileges between 1999 and 2002, prior to being hired by Decker; Decker re-dispatching Micou even though he had exceeded his hour of service limitations; and failure to have effective procedures in place to verify drivers' hours of service when Decker knew that hours of service regulations were in place to protect the safety of the monitoring public, constitutes "reckless indifference to the rights of others" and accordingly warrants the imposition of punitive damages against Decker.

*See also Sauer v. Murray*, Civil No. 05-1517, M.D. Pa., 6-21-07 Memorandum.

Accordingly, the Court will deny Defendants' Motion to Dismiss (Doc. 4) with respect to the allegations of ¶'s 19. and 21., and with respect to the punitive damages claim of the Complaint, Count III.

An appropriate Order will be issued.


          **s/ Thomas M. Blewitt**
          **THOMAS M. BLEWITT**
          **United States Magistrate Judge**

**Dated: April 29 2010**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELAINE RANDAZZO and ANGELO RANDAZZO, Her Husband, | : : : : | CIVIL ACTION NO. **3:CV-10-0154** |
| | : | Magistrate Judge Blewitt |
| Plaintiffs | : : | |
| v. | : : | |
| ALDRIC GRANDY and D'ELIA EXPRESS, | : : : | |
| Defendants | : | |

## **ORDER**

**AND NOW,** this **29th** day of **April, 2010**, **IT IS HEREBY ORDERED THAT:**

1. Defendants' Motion to Dismiss **(Doc. 4)** with respect to the allegations of ¶'s 19. and 21., and with respect to the punitive damages claim of the Complaint, Count III, is **DENIED**.

2. Defendants are directed to file their Answer to Plaintiffs' Complaint in its entirety within ten (10) days of the date of this Order.[5]

                                    **s/ Thomas M. Blewitt**
                                    **THOMAS M. BLEWITT**
                                    **United States Magistrate Judge**

**Dated: April 29 2010**

---

[5]After Defendants file their Answer to the Complaint, the Court will reschedule the joint case management conference in this case.